(119 App. Div. 39)

### VERNON v. VULCANITE PORTLAND CEMENT CO.

(Supreme Court, Appellate Division, Second Department. April 19, 1907.)

CONTRACTS—ACTION FOR COMPENSATION—BURDEN OF PROOF.

Plaintiff sued for compensation under a contract of employment giving him a commission on cement sales, payable on acceptance of the orders and delivery, and providing that plaintiff should sell defendant's cement exclusively, and defendant pleaded a violation of the latter provision and full payment up to plaintiff's discharge; the suit being for commissions earned before, but not payable until after, the discharge. *Held* that, plaintiff having introduced the contract in its entirety in evidence as the basis of his right of recovery, the burden was on him to prove full performance on his part, and not on defendant to show plaintiff had violated his covenant not to sell other cement.

Hooker, J., dissenting.

Appeal from Trial Term, Westchester County.

Action by Walter P. Vernon against the Vulcanite Portland Cement Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and HOOKER, RICH, and MILLER, JJ.

William Ford Upson (William Forse Scott, on the brief), for appellant.

George M. Mackellar, for respondent.

RICH, J. The complaint alleges a written agreement under which the plaintiff was employed by the defendant as its sales agent, to be compensated for his services by the payment of a commission of 5 per cent. upon the net price of all cement sold within his territory, payable on all sales accepted by defendant, when delivered; specific sales of some 300,000 barrels of cement, accepted by defendant; and several sales made under independent oral agreements. There is no specific allegation in the complaint of plaintiff's performance of the contract. The answer sets out the agreement in full, the fourth subdivision of which is as follows:

"Fourth. The said party of the second part [plaintiff] is to give all his time, energy, and ability to the sale of Vulcanite Portland cement, and is not to sell any other Portland cement, except upon the written consent of the party of the first part. All sales and contracts relating to the sale of Vulcanite Portland cement are to be made in the name of the party of the first part, and no contracts or sales shall be entered into or made, either in the name of the party of the second part or in any other name. * * * It being further expressly stipulated that while this contract is in force the said party of the second part shall not act for or represent any other manufacturer of or dealer in cement."

It alleges violations of this subdivision of the contract, upon discovery of which it terminated the contract and discharged the plaintiff, paying him in full up to the time of such discharge. The action is brought to recover commissions earned prior to plaintiff's discharge, but not then delivered, and consequently not then payable.

Upon the trial plaintiff put in evidence, over defendant's objection, the agreement referred to, and rested. Proof was then made by the defendant, and evidence was given in rebuttal by the plaintiff tending

to show performance of the contract on his part. At the close of the evidence the defendant moved to dismiss the complaint. That motion was denied, and the learned trial justice submitted to the jury, as the sole disputed question of fact to be determined by them, whether the plaintiff had violated the agreement. At the conclusion of the charge the defendant requested the court to instruct the jury that the burden was on the plaintiff to show that he had performed the contract on his part. The court denied the request, and then charged that the burden of proof was on the defendant to show a specific violation, to which refusal and instruction the defendant duly excepted.

This exception, we think, presents reversible error. The plaintiff introduced in evidence the contract upon which he relied for a recovery, by the terms of which his right to compensation was dependent, not solely upon his sales of cement and their acceptance by the defendant, but upon performance of the further conditions that he give all his time, energy and ability to the sale of the Vulcanite Portland cement, and not sell any other Portland cement, except with the written consent of defendant, as well as its other conditions, contained in its fourth subdivision, hereinbefore quoted, failing in the performance of which he could not recover. It appears that immediately following his employment the plaintiff became director of a corporation formed to buy and sell cements, and which sold large quantities of cements other than Vulcanite Portland cement, in the sales of which defendant claimed the plaintiff had personally participated. We think it was defendant's right to have the jury instructed that the burden rested upon the plaintiff to establish performance of the contract by him. The record does not present, as contended by the learned counsel for plaintiff, a case where performance is alleged in the complaint and admitted by the answer, the defendant alleging an affirmative defense; for in the complaint in the case at bar there is no allegation of performance of the contract, but allegations only of specific sales of cement, and the answer admits the sales as alleged, but nothing further. In other words, the defendant by its pleading only admitted performance of the contract to the extent of the sales so alleged, and did not assume the burden of establishing an affirmative defense. The plaintiff, having introduced the contract in evidence in its entirety as the foundation of his right to recover, was bound to establish its full performance by him before the jury could find a verdict in his favor. This burden rested upon him, and the defendant had the legal right to have the jury instructed "that the burden of proof is on the plaintiff to show that he performed the contract on his part."

The judgment and order must be reversed, and a new trial granted; costs to abide the event. All concur, except HOOKER, J., who dissents.